AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>**RAFAEL DIDDIER GUTIERREZ**<br><br>*Defendant(s)* | )<br>)<br>) Case No. 11-8281-LRJ<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 16, 2011__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 111(a)(1) | Assaulting, resisting or impeding certain officers or employees, involving physical contact with the victim. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Complainant's signature*

John Longo, Special Agent, "ICE"
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __07/18/2011__

*Judge's signature*

City and state: __WEST PALM BEACH, FLORIDA__   LINNEA R. JOHNSON, U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jon A. Longo, a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations (HSI), Office of the Resident Agent in Charge in West Palm Beach, Florida, being duly sworn, depose and state as follows:

1. I have been a Special Agent with HSI since July 2006. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

2. Your Affiant is familiar with the facts and circumstances surrounding this Investigation, both from my own investigative efforts and from information obtained from other law enforcement officers with personal knowledge of the evidence and activities described herein. This affidavit is being submitted for the limited purpose of establishing probable cause to charge Rafael Diddier GUTIERREZ with a violation of Title 18, United States Code, Section 111(a)(1) - Assaulting, Resisting, or Impeding Certain Officers or Employees. As such, it does not purport to set forth every fact known to me regarding this investigation, but only those facts necessary to establish probable cause.

3. On or about July 16, 2011, the Bahamas Celebration cruise ship arrived at the Port of Palm Beach in West Palm Beach, Florida from Grand Bahama Island, Bahamas. Rafael Diddier GUTIERREZ was traveling with several family members, including his father Rafael Arturo Gutierrez. The Gutierrez family was awaiting inspection by U.S. Customs and Border Protection Officers (CBPO) for

entry into the United States. While waiting, both men were in the secure, federal facility.

4. Customs and Border Protection K-9 Officer Thomas DeGraves roved amongst the arriving passengers with his specially trained dog. While walking past the K-9, Rafael Arturo Gutierrez began whistling at the dog, seemingly in an attempt to distract the dog's attention. Officer DeGraves instructed Rafael Arturo Gutierrez to stop distracting the canine. According to Officer DeGraves, Rafael Arturo Gutierrez ignored his request and continued to whistle at the canine. DeGraves said he then verbally instructed Rafael Arturo Gutierrez to proceed to a nearby door for a secondary inspection.

5. Officer DeGraves stated Rafael Arturo Gutierrez failed to comply with his initial verbal request so DeGraves placed his left hand on Rafael Arturo Gutierrez's right elbow and attempted to escort him to the secondary inspection area. According to Officer DeGraves, Rafael Arturo Gutierrez stated to him, "fuck you" and "get your hands off me."

6. Officer DeGraves stated Rafael Arturo Gutierrez then turned his back to the door of the secondary area as if he did not want to go through the doors leading to this area. DeGraves said that after he and Rafael Arturo Gutierrez went through the door, Rafael Arturo Gutierrez turned and attempted to come back out of the door and that in this process, Rafael Arturo Gutierrez took a step towards him (DeGraves). Officer DeGraves stated that he took this to be an aggressive act and countered by using soft techniques in an attempt to move Rafael Arturo Gutierrez into the secondary inspection area.

7. Officer DeGraves stated that while escorting Rafael Arturo Gutierrez to the secondary area, he heard a commotion occurring behind him and someone yelling, "that's my Dad" and "he just had surgery." He then said he was struck in the head and then hit in the mouth by a man in a red shirt (Rafael Diddier GUTIERREZ) before taking defensive action to protect himself. Officer DeGraves stated he was struck again by Rafael Diddier GUTIERREZ.

8. On July 16, 2011, Special Agents interviewed Acting Supervisory CBPO Winsome Rainford. Officer Rainford stated that while roving amongst the cruise ship passengers earlier that day, she witnessed a man in a red shirt (Rafael Diddier GUTIERREZ) attack Officer DeGraves from behind, pin him against a wall, and strike him numerous times about the head and face.

9. On July 16, 2011, Special Agents interviewed CBPO Anthony Ramos. Officer Ramos stated that while bringing passengers to the secondary area earlier that day, he witnessed Rafael Diddier GUTIERREZ strike Officer DeGraves twice in the head.

10. On July 16, 2011, Special Agents interviewed Rafael Arturo Gutierrez. Post-Miranda, Rafael Arturo Gutierrez stated that while going through the inspection process, he whistled at a canine and attempted to get its attention. He said an officer said something to him, which he did not hear, and then the officer grabbed him by the throat and pushed him through the doors causing him to fall to the ground. Although he said he heard his son (Rafael Diddier GUTIERREZ) yelling, Rafael Arturo Gutierrez stated he did not see the contact between his son (Rafael Diddier GUTIERREZ) and the officer.

11. On July 16, 2011, Special Agents interviewed Rafael Diddier GUTIERREZ. Post-Miranda, Rafael Diddier GUTIERREZ stated that while in line, he witnessed an officer "wailing" on his father, push his father "as hard as he could" and then strike his father with his forearm/elbow. He said he (Rafael Diddier GUTIERREZ) "ran as fast as (he) could" and jumped in between his father and the officer to protect his father, who was still recovering from serious medical conditions. Rafael Diddier GUTIERREZ stated he was struck by the officer approximately three to four times and that he only covered his head to protect it from an injury that he had previously incurred. He said he was unsure if he struck the officer. Rafael Diddier GUTIERREZ stated that CBPO DeGraves "looked like a cop to me."

12. On or about July 16, 2011, Special Agent Longo viewed videos taken from security cameras which captured the assault. The videos show Officer DeGraves in his duty uniform, which includes a CBPO Badge imprinted on his chest and CBP U.S. Department of Homeland Security patches on his shoulders. Officer DeGraves is seen with his K-9 amongst the passengers. Officer DeGraves is seen speaking to Rafael Arturo Gutierrez and pointing towards the secondary inspection area. Officer DeGraves then places his left hand on Rafael Arturo Gutierrez's upper right arm and attempts to escort him towards the secondary inspection area. Rafael Diddier GUTIERREZ can be seen approximately 20 feet away watching the interaction between Officer DeGraves and his father. As CBPO DeGraves and Rafael Arturo Gutierrez approach the

secondary doorway, Rafael Diddier GUTIERREZ is observed running towards the two men and knocking over the posted line barriers.

14. On a different camera angle, CBPO DeGraves leads Rafael Arturo Gutierrez through the secondary doorway. Officer DeGraves still has his hand on Rafael Arturo Gutierrez's arm. Immediately after going through the door, Rafael Arturo Gutierrez turns away from Officer DeGraves, and then quickly turns back around to face the officer with his (Rafael Arturo Gutierrez's) right arm raised. Officer DeGraves then begins to lead Rafael Arturo Gutierrez by his shirt collar. Rafael Arturo Gutierrez responds by grabbing the officer's hands as the two men walk farther into the room. Officer DeGraves then secures Rafael Arturo Gutierrez's left hand with his own right hand and they continue to take steps into the room before reaching the back wall.

15. Approximately seven seconds after Officer DeGraves and Rafael Arturo Gutierrez are first seen opening the secondary doorway, Rafael Diddier GUTIERREZ, wearing a red shirt, bursts through both doors breaking a metal attachment. Rafael Diddier GUTIERREZ charges at Officer DeGraves and appears to grab the officer from behind. Officer DeGraves and Rafael Arturo Gutierrez are then pushed out of camera view. Approximately two seconds later, Rafael Diddier GUTIERREZ is seen pushing Officer DeGraves and striking Officer DeGraves multiple times. The two are then separated by CBPOs coming to assist Officer DeGraves.

16. An investigative query of Rafael Diddier GUTIERREZ's criminal history revealed a 1994 arrest for Resisting an Officer with Violence, Aggravated Battery

of a Police Officer, and Battery on a Firefighter, which were later dropped to Resisting an Officer without Violence to which he received one year probation.

17. Based on the foregoing, your Affiant believes that there exists sufficient probable cause to charge Rafael Diddier GUTIERREZ with a violation of Title 18, United States Code, Section 111(a)(1) - Assaulting, Resisting, or Impeding Certain Officers or Employees.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Special Agent Jon A. Longo
United States Homeland Security Investigations


SWORN TO AND SUBSCRIBED BEFORE ME THIS 18 DAY OF JULY, 2011 AT WEST PALM BEACH, FLORIDA.

_____
Linnea R. Johnson
United States Magistrate Judge
Southern District of Florida

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.   11-8281-LRJ

UNITED STATES OF AMERICA

vs.

**RAFAEL DIDDIER GUTIERREZ**

Defendant.
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?   ____ Yes   _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?   ____ Yes   _X_ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: /s/ Rinku Tribuiani
RINKU TRIBUIANI
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.: 0150990
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
TEL: (561) 820-8711
FAX: (561) 820-8777
Email: Rinku.Tribuiani@usdoj.gov